**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Glen Sherwood and Carol Sherwood, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No.   12 C 794 |
| | ) | |
| NCO Financial Systems, Inc., a | ) | |
| Pennsylvania corporation, | ) | |
| | ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiffs, Glen Sherwood and Carol Sherwood, bring this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.      Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

## PARTIES

3.      Plaintiffs, Glen Sherwood and Carol Sherwood (the "Sherwoods"), are citizens of the State of Michigan, from whom Defendant attempted to collect a delinquent consumer debt, despite the fact that they were represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4.      Defendant, NCO Financial Systems, Inc., ("NCO"), is a Pennsylvania corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts.  From its offices in Illinois, and 31 other states, as well as 11 foreign countries, Defendant NCO operates a nationwide debt collection business and attempts to collect debts from consumers in every state, including many thousands of consumers in the State of Illinois.  In fact, Defendant NCO was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5.      Defendant NCO is authorized to conduct business in Illinois, and maintains a registered agent here, see, record from the Illinois Secretary of State, attached as Exhibit A.  In fact, NCO conducts business in Illinois.

6.      Moreover, Defendant NCO is licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, NCO acts as a debt collector in Illinois.

## FACTUAL ALLEGATIONS

7.      The Sherwoods are disabled senior citizens, with limited assets and income, who fell behind on paying their bills.  When Defendant NCO began trying to collect a debt from the Sherwoods, they sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding their financial difficulties and Defendant NCO's collection actions.

8.      Accordingly, on July 2, 2011, one of the Sherwoods' attorneys at LASPD informed NCO, in writing, that the Sherwoods were represented by counsel, and directed NCO to cease contacting them, and to cease all further collection activities

2

because the Sherwoods were forced, by their financial circumstances, to refuse to pay their unsecured debt.  Copies of this letter and fax confirmation are attached as Exhibit C.

9.      Nonetheless, Defendant NCO continued to call the Sherwoods, demanding payment of a debt.  Accordingly, on January 12, 2012, the Sherwoods' LASPD attorney sent Defendant NCO another letter, directing it to cease communications and to cease collections.  Copies of this letter and fax confirmation are attached as Exhibit D.

10.     Undeterred, after receiving two notices from the Sherwoods' LASPD attorney directing it to cease communications and to cease collections, Defendant NCO continued to call the Sherwoods, including, but not limited to telephone calls on January 28 and 30, 2012 and February 1, 2012, from telephone number 888-831-6994, to demand payment of a delinquent debt.

11.     Accordingly, on February 2, 2012, one of the Sherwoods' attorneys at LASPD had to again inform NCO in writing, that the Sherwoods were represented by counsel, and directed NCO, for the third time, to cease communications and to cease collections.  Copies of this letter and fax confirmation are attached as Exhibit E.

12.     Defendant NCO's collection actions complained of herein occurred within one year of the date of this Complaint.

13.     Defendant NCO's collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

3

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

14.     Plaintiff adopts and realleges ¶¶ 1-13.

15.     Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay.  See, 15 U.S.C. § 1692c(c).

16.     Here, the letters (Exhibits C and D) from the Sherwoods', agent/attorney, LASPD, told Defendant NCO to cease communications and cease collections.  By continuing to communicate regarding these debts and demanding payment, Defendant NCO violated § 1692c(c) of the FDCPA.

17.     Defendant NCO's violations of § 1692c(c) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

18.     Plaintiff adopts and realleges ¶¶ 1-13.

18.     Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debts and has knowledge of, or can readily ascertain, such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

20.     Defendant NCO knew that the Sherwoods were represented by counsel in connection with their debts because their attorneys at LASPD had informed Defendant,

in writing (Exhibits C and D), that they were represented by counsel, and had directed Defendant NCO to cease directly communicating with them.  By directly calling the Sherwoods, despite being advised that they were represented by counsel, Defendant NCO violated § 1692c (a)(2) of the FDCPA.

21.    Defendant NCO's violations of § 1692c(a)(2) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiffs, Glen Sherwood and Shirley Sherwood, pray that this Court:

1.    Find that Defendant NCO's debt collection actions violated the FDCPA;

2.    Enter judgment in favor of Plaintiffs Sherwoods, and against Defendant NCO, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3.    Grant such further relief as deemed just.

## JURY DEMAND

Plaintiffs, Glen Sherwood and Shirley Sherwood, demand trial by jury.

Glen Sherwood and Shirley Sherwood,

By: /s/ David J. Philipps
One of Plaintiffs' Attorneys

Dated:  February 3, 2012

David J. Philipps      (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com